Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Ramón Nicolai<br><br>Recurrido<br><br>vs.<br><br>José Antonio Cabassa, Samuel Cabassa Nicolai t/c/c Samuel Cabassa como Samuel Nicolai Cabassa y como Samuel Nicolai<br><br>Peticionario | TA2025CE00022 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala superior de Bayamón<br><br>Caso Núm.:<br>BY2024CV04895<br><br>Sobre:<br>División y Liquidación de la Comunidad de Bienes Hereditarios |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón.

Rivera Colón, juez ponente

### SENTENCIA

En San Juan, Puerto Rico, a 8 de julio de 2025.

Comparece el señor Samuel Cabassa Nicolai (en lo sucesivo, el Sr. Cabassa Nicolai o peticionario) y nos solicita la revocación de la "Orden" emitida y notificada el 22 de mayo de 2025 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, TPI o foro primario). Mediante dicho dictamen, el foro primario declaró No Ha Lugar una solicitud de levantamiento de rebeldía presentada por el peticionario.

Luego de evaluar el recurso presentado por el peticionario, así como la evidencia documental anejada al mismo, prescindimos de la comparecencia de la parte recurrida y procedemos a resolver. Véase, Regla 7 (b)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (b)(5).

Examinada la solicitud de autos, la totalidad del expediente y el derecho aplicable, expedimos el auto de *Certiorari* a los fines de

revocar el dictamen recurrido, por los fundamentos que expondremos a continuación.

**I.**

El 22 de agosto de 2024, el señor Ramón Nicolai (en lo sucesivo, Sr. Nicolai) y el señor José Antonio Cabassa (en adelante, Sr. Cabassa) presentaron una "Demanda" sobre liquidación de comunidad hereditaria contra el Sr. Cabassa Nicolai. Adujeron, que son comuneros hereditarios de una propiedad inmueble ubicada en el Municipio de Guaynabo, y de unos fondos consignados en el Tribunal de Primera Instancia procedentes de la Oficina del Comisionado de Instituciones Financieras.

Luego de varios trámites procesales, que incluyeron diversos incidentes relacionados al emplazamiento por edicto dado que el Sr. Cabassa Nicolai reside en el Estado de Nueva York, EE. UU., el TPI emitió una "Orden" el 9 de octubre de 2024, donde, *motu proprio,* le anotó la rebeldía al peticionario por este no presentar alegación responsiva.

En respuesta, ese mismo día el peticionario presentó "Moción Asumiendo Representación Legal, Relevo de Anotación de Rebeldía y en Solicitud de Prorroga". En ella, peticionó al foro primario que aceptara a la Licenciada Arleen Y. Pabón Cruz como su presentación legal, y que se dejase sin efecto la anotación de rebeldía toda vez que fue notificado por correo certificado de la publicación del edicto el día 10 de septiembre de 2024, por lo que tenía hasta el 10 de octubre de 2024 para contestar la "Demanda". Solicitó, a su vez, una extensión de 45 días para que su abogada pudiera estudiar el caso y prepararse adecuadamente.

Mediante "Orden" emitida el 9 de octubre de 2024, y notificada al próximo día, el TPI indicó al Sr. Cabassa Nicolai que la contestación a la demanda debe presentarse dentro de 30 días de haberse publicado el edicto, no desde el recibo de este por

correo certificado. En consecuencia, el TPI dictaminó que evaluaría la petición de levantamiento de rebeldía si el peticionario presentaba la contestación a la "Demanda" en un término de 5 días.

El 21 de octubre de 2024, el TPI emitió una "Orden" mediante la cual dispuso que no habiéndose contestado la "Demanda" en el término fijado, procedía denegar la solicitud de levantamiento de anotación de rebeldía. El 6 de noviembre de 2024, el Sr. Cabassa Nicolai presentó una "Moción de Reconsideración". Junto a ésta, anejó la "Contestación a Demanda y Reconvención", y peticionó que, en aras de cumplir con la política judicial de que los casos se ventilen en sus méritos, se dejara sin efecto la anotación de rebeldía. Según solicitado, el foro primario emitió una "Resolución Interlocutoria", notificada el 7 de noviembre de 2024, donde dejó sin efecto la anotación de rebeldía. Sin embargo, aclaró que no podía ignorar la clara desobediencia a las ordenes del tribunal, por tal razón, le impuso una sanción de $100.00 a la Licenciada Arleen Y. Pabón.

Tras varios incidentes procesales impertinentes a la controversia que nos ocupa, la Licenciada Arleen Y. Pabón Cruz presentó el 13 de diciembre de 2024 una "Moción de Renuncia de Representación Legal y en Solicitud de Cese de Notificaciones". Señaló que por solicitud del Sr. Cabassa Nicolai, su intervención en el caso había llegado a su fin. El TPI aceptó dicha moción mediante "Orden" de 16 de diciembre de 2024 y otorgó al peticionario un término de 30 días para que compareciera con nueva representación legal, so pena de anotar rebeldía, eliminar alegaciones, desestimar la reconvención y dictar sentencia en su contra.

El 16 de enero de 2025, el Sr. Nicolai presentó "Moción para que se Emita Determinación y en Solicitud de Remedios". Expresó

que habido transcurrido el término otorgado por el TPI sin que el Sr. Cabassa Nicolai anunciara nueva representación legal, correspondía al foro primario actuar conforme lo apercibido, y, a tenor, anotar la rebeldía del peticionario, eliminar sus alegaciones responsivas y dictar sentencia conforme a las alegaciones vertidas en la "Demanda".

Conforme a lo advertido, el TPI dictó y notificó "Sentencia Parcial" el 16 de enero de 2025, en la cual le anotó la rebeldía al Sr. Cabassa Nicolai y eliminó sus alegaciones. Así pues, ordenó la desestimación y archivo con perjuicio de la reconvención instada por el peticionario. Atendidos varios asuntos relacionados al cuaderno particional, el Sr. Cabassa Nicolai —por conducto de su presentación legal— presentó el 4 de febrero de 2025 una "Moción Asumiendo Representación Legal". En ella, informó que había contratado a la Licenciada Leyre Román Mocoroa. Esgrimió la letrada que sus labores para con el caso de epígrafe se dilataron, entre otras cosas, por el hecho de que el peticionario reside fuera de Puerto Rico. A la luz de lo anterior, solicitó un término suficiente para lograr familiarizarse con el expediente. Asimismo, peticionó que se revirtiera la determinación de eliminar las alegaciones responsivas y la declaración de rebeldía.

El 4 de febrero de 2025 el TPI emitió una "Resolución Interlocutoria" mediante la cual aceptó la representación legal, empero, declaró sin lugar la solicitud de término adicional y de reconsideración de levantamiento de rebeldía.

Por otro lado, el Sr. Nicolai, demandante y recurrido, compareció al foro primario el 15 de abril de 2025 y solicitó al foro primario que le permitiese enmendar las alegaciones a los fines de traer al señor Jose Antonio Cabassa, quien figuraba como

codemandante,[1] como parte codemandada. Dicha petición fue declarada con lugar el 16 de abril de 2025.

Posteriormente, el 20 de mayo de 2025, el TPI, *motu proprio,* nuevamente anotó la rebeldía al Sr. Cabassa Nicolai. En esta ocasión, por no contestar la "Demanda Enmendada" presentada por el Sr. Nicolai. Al día siguiente, entiéndase, el 21 de mayo de 2025, el peticionario presentó una moción titulada "Al Expediente Judicial" en la cual peticionó al foro primario que levantara la rebeldía anotada en su contra y le permitiese contestar la "Demanda Enmendada". Fue la representación legal del peticionario quien informó al TPI que tuvo un mes muy atropellado, con varios incidentes que le imposibilitaron contestar la "Demanda Enmendada". Entre los incidentes, citó: 1) diversas ocasiones donde su oficina y hogar quedaron desprovistos de servicio de luz eléctrica y agua potable, 2) citas médicas de su señora madre, y 3) las responsabilidades que ostenta como madre soltera.

En atención a ello, el foro primario emitió la "Orden" recurrida, donde declaró No Ha Lugar la solicitud de la parte peticionaria. Razonó el TPI que se desprende del expediente judicial que la anotación de rebeldía y la subsiguiente eliminación de alegaciones fue resultado del reiterado incumplimiento del peticionario con las órdenes del Tribunal. Añadió, que la presentación de la "Demanda Enmendada" era una nueva oportunidad para que se tramitara el caso diligentemente, empero, se desperdició tal oportunidad.

Insatisfecho con el dictamen, el Sr. Cabassa Nicolai presentó una "Moción de Reconsideración" el 22 de mayo de 2025, la cual fue declarada sin lugar mediante "Resolución Interlocutoria"

---

[1] Mediante "Sentencia Parcial" emitida y notificada el 8 de abril de 2025, el TPI ordenó la desestimación y archivo sin perjuicio de las alegaciones instadas por el Sr. Cabassa, por este incumplir con las órdenes del tribunal.

emitida y notificada el 23 de mayo de 2025. Inconforme aun, recurre ante este foro intermedio y señala la comisión del siguiente error:

> *Erró y abusó de su discreción el Honorable Tribunal de Primera Instancia al concluir que las circunstancias personales alrededor de esta suscribiente no constituye justa causa para dejar sin efecto la anotación a rebeldía hecha motu proprio por el tribunal, cuando muchas de estas circunstancias fueron de gravedad y que envuelven desastres en el funcionamiento del país, además de situaciones médicas graves de familiares cercanos a la representación legal de la parte demandada en este asunto y responsabilidades de esta como madre de dos menores de edad, en la que familiares cercanos están pasando por enfermedad y situaciones que afectan la estabilidad emocional de toda la familia.*

**II.**

**A.**

El recurso de *Certiorari* es el mecanismo procesal utilizado para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia. La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone que, como norma general, dicho recurso solo será expedido por este Tribunal de Apelaciones en dos instancias, a saber: (1) cuando se recurra de una resolución u orden bajo las Reglas 56 y 57; o (2) cuando se recurra de la denegatoria de una moción de carácter dispositivo.

No obstante lo anterior, y a modo de excepción, este foro apelativo podrá revisar determinaciones interlocutorias dictadas por el foro primario cuando se recurra de: (1) decisiones sobre la admisibilidad de testigos o peritos esenciales; (2) asuntos relativos a privilegios evidenciarios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia; y (5) en casos que revistan interés público o en aquellas situaciones en que esperar a la apelación constituiría un fracaso irremediable de la justicia. *Íd*.

Nuestro Alto Foro ha expresado que el auto de *Certiorari* es un vehículo procesal extraordinario de carácter discrecional. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847

(2023). Ahora bien, aun cuando la expedición de este recurso recae dentro de la discreción de este Foro, lo cierto es que, al atender el recurso no debemos "hacer abstracción del resto del Derecho". *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 711 (2019). Así, a los fines de ejercer sabiamente nuestra facultad discrecional en la consideración de los asuntos planteados mediante dicho recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, imparte que esta segunda instancia judicial considerará los siguientes criterios al determinar si procede o no la expedición de un auto de *Certiorari*:

> *(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
> *(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*
> *(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
> *(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
> *(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
> *(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
> *(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*

**B.**

En nuestro esquema procesal, los tribunales ostentan la facultad para imponer una serie de sanciones contra aquella parte que incumpla una orden judicial. *Mitsubishi Motor v. Lunor y otros*, 212 DPR 807, 818 (2023); *HRS Erase v. CMT*, 205 DPR 689, 699 (2020). Así pues, los foros judiciales tienen el poder discrecional bajo las Reglas de Procedimiento Civil de desestimar una demanda o eliminar las alegaciones de una parte, sin embargo, tal proceder debe ejercerse juiciosa y apropiadamente. *Maldonado v. Srio. de Rec. Naturales*, 113 DPR 494, 498 (1982). Tal autoridad procura desalentar la falta de diligencia e incumplimiento mediante una

intervención efectiva, pronta y oportuna. *Mejías et al. v. Carrasquillo et al.,*185 DPR 288 (2012); *Hosp. San Miguel, Inc.*, 117 DPR 807 (1986).

A esos fines, la Regla 39.2(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2(a), instaura el siguiente procedimiento:

> *(a) Si la parte demandante deja de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud de la parte demandada podrá decretar la desestimación del pleito o de cualquier reclamación contra esta o la eliminación de las alegaciones, según corresponda.* ***Cuando se trate de un primer incumplimiento, la severa sanción de*** *la desestimación de la demanda o* ***la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o abogada de la parte y se notificará directamente a la parte sobre la situación****. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, el tribunal podrá ordenar* la desestimación del pleito o ***la eliminación de las alegaciones****. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término.* (Énfasis suplido).

Nótese que el mecanismo de desestimación o eliminación de alegaciones no opera automáticamente. Así pues, "[p]rimero, el tribunal tiene que apercibir de la situación a la representación legal de la parte y concederle la oportunidad para responder". *Mitsubishi Motor v. Lunor y otros, supra*, a la pág. 820. No obstante, "[s]i la representación legal persiste en su incumplimiento, el tribunal deberá notificar directamente a la parte afectada de la situación y apercibirle de las consecuencias de ello". *HRS Erase v. CMT, supra,* a la pág. 702. Si la acción disciplinaria no produce efectos positivos, entonces procede la desestimación de la demanda o la eliminación de las alegaciones, siempre y cuando la parte haya sido debidamente informada y apercibida de las consecuencias que

acarrea el incumplimiento. *Mejías et al. v. Carrasquillo et al.*, *supra*; *Mun. de Arecibo v. Almac. Yakima*, 154 DPR 217, 222-223 (2001). Tal procedimiento responde a "que sanciones como la desestimación de un pleito o la eliminación de las alegaciones son medidas drásticas que chocan con nuestra política pública a favor de que los casos se ventilen en sus méritos". *HRS Erase v. CMT*, *supra*, a la pág. 701.

En lo pertinente a la eliminación de las alegaciones, el Tribunal Supremo de Puerto Rico en *Mitsubishi Motor v. Lunor y otros*, *supra*, a la pág. 822, establece la siguiente normativa:

> *[A]l igual que la desestimación, el castigo de la exclusión total de las alegaciones debe prevalecer únicamente en situaciones extremas. Hemos recopilado que este nivel de sanción debe ser la repercusión de una conducta indiscutiblemente irresponsable, irreverente, desafiante, negligente, contumaz que la parte contra la cual se ordena la ejecute de manera reiterada y continua.* Véanse, también, *Valentín v. Mun. de Añasco*, 145 DPR 887, 896 (1998); *Mejías et al. v. Carrasquillo et al.*, supra, a la pág. 298.*Mun. de Arecibo v. Almac. Yakima, supra,* a la pág. 222–223 (2001).

Conviene señalar que, un tribunal no podrá imponer sanciones drásticas cuando "la parte que ejercita su derecho en corte no está informada de los trámites rutinarios". *Dávila v. Hosp. San Miguel, Inc.*, 117 DPR 807, 814 (1986); *Ramírez de Arellano v. Srio. de Hacienda*, 85 DPR 823, 830 (1962). De lo contrario, "[u]na parte que haya sido informada y apercibida de esta clase de situación y no tome acción correctiva, nunca se podrá querellar, ante ningún foro, de que se le despojó injustificadamente de su causa de acción o defensas". *Amaro González v. First Fed. Savs.*, 132 DPR 1042, 1051 (1993).

### C.

Otro remedio sancionador es la anotación de rebeldía. Este es un mecanismo procesal que procura "disuadir a aquellos que recurran a la dilación de los procedimientos como una estrategia

de litigación". *González Pagán et al. v. SLG Moret-Brunet,* 202 DPR 1062, 1069 (2019); *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580 (2011), *supra,* a la pág. 587.

A esos efectos, la Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1, instaura los escenarios que permiten imponer la anotación de rebeldía:

> *Cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o Secretaria anotará su rebeldía.*

> *El tribunal a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3) de este apéndice.*

> *Dicha anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b) de este apéndice.*

> *La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.*

Asimismo, la Regla 45.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.3, dispone que "[e]l tribunal podrá dejar sin efecto una anotación de rebeldía por causa justificada, y cuando se haya dictado sentencia en rebeldía, podrá asimismo dejarla sin efecto de acuerdo con la Regla 49.2".

Obsérvese que el tribunal puede ordenar la anotación cuando la parte demandada: (1) no comparece después de haber sido emplazado, (2) no se defiende mediante moción (3) ni presenta oportunamente la contestación a la demanda. *Mitsubishi Mitsubishi Motor v. Lunor y otros, supra,* a la pág. 820.; *Rivera Figueroa v. Joe's European Shop, supra,* a la pág. 589. A su vez, procede imponer esta sanción cuando "una de las partes en el pleito ha incumplido con algún mandato del tribunal, lo que motiva a éste a imponerle la rebeldía como sanción". *Álamo v. Supermercado Grande, Inc.,* 158 DPR 93, 100 (2002).

Una vez se anota la rebeldía quedan admitidos todos los hechos bien alegados en la demanda o la alegación que se haya formulado en contra del rebelde, y se autoriza al tribunal a dictar sentencia, si esta procede como cuestión de derecho. *Mitsubishi Motor Sales of Caribbean, Inc. v. Lunor, Inc.*, *supra*; *Rivera Figueroa v. Joe's European Shop*, *supra*, a la pág. 590.

De tal modo, se brinda un remedio coercitivo contra una parte adversaria a la cual, habiéndosele concedido la oportunidad de refutar la reclamación, por su pasividad o temeridad opta por no defenderse. *Ocasio v. Kelly Servs.*, 163 DPR 653, 671 (2005). Por ello, la discreción conferida al tribunal para anotar la rebeldía requiere que se haga un balance justo entre el interés de velar y garantizar que los procedimientos judiciales sean ventilados sin demora y el derecho que tiene todo litigante de tener su día en corte. *Maldonado v. Srio. de Rec. Naturales*, 113 DPR 494, 497 (1982). Ahora bien, aun cuando la facultad para dejar sin efecto una anotación de rebeldía está enmarcada en la existencia de justa causa, a tenor de los parámetros expuestos en *Neptune Packing Corp. v. Wakenhut Corp.*, 120 DPR 283, 293 (1988) y en *Díaz v. Tribunal Superior*, 93 DPR 79, 87 (1966), "esta regla se debe interpretar de manera liberal, resolviéndose cualquier duda a favor de que se deje sin efecto la anotación o la sentencia en rebeldía". *Íd.*

En cuanto a la eliminación de las alegaciones y su relación con la rebeldía, nuestro Tribunal Supremo ha expresado que, en casos como el de marras, ambas figuras operan simultáneamente. *Mitsubishi Mitsubishi Motor v. Lunor y otros*, *supra*, a la pág. 827. Aclaró el Alto Foro que, inmediatamente después de que el tribunal ordene la eliminación de todas las alegaciones de la parte demandada, se activa el mecanismo de rebeldía. *Id.* De manera que, **el orden de prelación que establece la Regla 39.2(a),**

*supra,* **aplica a la imposición de rebeldía**. Según nos ilustró

nuestra Alta Curia:

> *[I]gual que la desestimación de la demanda, la eliminación de las alegaciones y la rebeldía son el castigo más severo … Por tal razón, …* **Primero, el tribunal tiene que apercibir de la situación a la representación legal de la parte y concederle la oportunidad para responder. Si el representante legal no responde al apercibimiento, el tribunal le impondrá sanciones y notificará directamente a la parte sobre el asunto. Una vez que la parte haya sido informada o apercibida de la situación y de las consecuencias que el incumplimiento conlleva, deberá corregirla dentro del término que el tribunal de instancia le conceda. El plazo conferido será razonable y, salvo que las circunstancias del caso lo justifiquen, no será menor de treinta días.** *… Cumplido este trámite, el tribunal se encontrará en posición para imponer la sanción que corresponda. Mitsubishi Motor v. Lunor y otros, supra, a la pág. 820. (énfasis suplido).*

### III.

De entrada, debemos mencionar que, de conformidad con los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* este foro apelativo intermedio se encuentra en posición de expedir el *auto* solicitado. Ante la discreción que poseemos para atender el asunto, procedemos a resolver la presente controversia.

En síntesis, la parte peticionaria arguye que, en aras de evitar un fracaso a la justicia, este foro está en posición de levantar la anotación de rebeldía pues se ha resuelto que dicho remedio debe ser interpretado liberalmente, de manera que los casos sean resueltos en sus méritos.

Luego de un sosegado análisis del expediente judicial, notamos que, aunque el Tribunal de Primera Instancia apercibió a la representación legal del peticionario que sus incumplimientos pudiesen acarrear la imposición de rebeldía, el foro optó por ignorar los remedios intermedios que exige nuestro ordenamiento. Así, dio paso a la anotación de dicho remedio coercitivo, y dejó a la parte en estado de indefensión. Adviértase pues, que la rebeldía es

el castigo más severo que se le puede imponer a una parte. *Mitsubishi Motor v. Lunor y otros, supra, a la pág. 819.* Razón por la cual nuestra jurisprudencia ha reiterado que su imposición debe ejercitarse con suma cautela, en vista a una ventilación de los pleitos en los méritos.

Según intimamos en el acápite anterior, por tratarse de tan drástico remedio, el Tribunal de Primera Instancia debió regirse por el orden de prelación examinado. Es decir, el foro no podía ejercer como primera opción la eliminación de alegaciones y anotación de rebeldía. Ello, ya que, después del apercibimiento que adecuadamente realizó, tenía, como segundo paso, el deber de emitir sanciones que no fuesen la eliminación de alegaciones. Luego, en el escenario de que dicho intento resultase infructuoso, el TPI poseía el deber de notificar directamente a la parte sobre el incumplimiento de su representación legal. Una vez cumplido el referido trámite, el TPI estará en posición de anotar la rebeldía.

## IV.

Por los fundamentos expuestos, los que hacemos formar parte del presente dictamen, expedimos el auto de *Certiorari* solicitado a los fines de revocar la "Orden" emitida el 22 de mayo de 2025 por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Por tal motivo, se deja sin efecto la anotación de rebeldía, y se devuelve el caso al Tribunal de Primera Instancia para que continúen los procedimientos conforme a lo aquí resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Adames Soto disiente sin voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones